**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X        08 CV 1774 (NG) (VVP)
**PAUL A. BERNADIN,**

                          **Plaintiff,**

        -against-                                  **OPINION AND ORDER**

**AMERICAN AIRLINES, INC.,**

                          **Defendant.**
-------------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Plaintiff seeks remand of this action to the New York State court in which he filed it on the ground that this court lacks subject matter jurisdiction. For the reasons set forth below, this court now finds that it lacks subject matter jurisdiction. Therefore, the court grants plaintiff's motion and remands this action to state court.

      Plaintiff Paul Bernadin seeks to recover for injuries he suffered at a security checkpoint at Maisgate Airport in Port-Au-Prince, Haiti, on April 22, 2006. Bernadin alleges that he was traveling through a security checkpoint operated by defendant American Airlines, on his way to board an American Airlines flight to New York City. According to Bernadin, because there were no plastic tubs or trays available when he approached the x-ray machine, he placed his possessions directly on the machine's conveyer belt. At the end of the belt, Bernadin's possessions fell to the floor, and he got down on his hands and knees to collect them. As he was gathering his belongings, an American Airlines employee stepped on Bernadin's right hand, allegedly causing severe injury.

      On April 22, 2008, Bernadin filed suit against American Airlines, in the Supreme Court of New York, Kings County, seeking to recover under New York state law and under Article 17

of the Warsaw Convention. His complaint did not contain an *ad damnun* clause, but did indicate that he seeks compensatory and punitive damages "in an amount … which exceeds the limitations of Article 17 of the Warsaw Convention." (Pl.'s Compl. 4.) The Warsaw Convention, as amended by the Montreal Convention, limits damages for personal injury to 100,000 Special Drawing Rights (SDR), or $154,800. *See* Convention for the Unification of Certain Rules for International Carriage, Art. 21., S. Treaty Doc. No. 107-14, 1955 WL 45606 ("Montreal Convention").[1]

Defendant removed this case to the Eastern District of New York on May 1, 2008. Pursuant to 28 U.S.C. § 1332, defendant stated as grounds for removal that the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Nowhere in its notice of removal did defendant raise or rely upon federal question jurisdiction, but, in response to plaintiff's application for a remand, defendant argued that jurisdiction could be based upon the Warsaw Convention claim.

At a pre-motion conference on March 24, 2009, and again by order dated April 14, 2009, the court ordered the parties to submit full briefing, specifically addressing the following questions: "(1) whether a defendant who removes based on diversity jurisdiction can subsequently invoke federal question jurisdiction to avoid remand; and (2) whether, once properly removed, a case can be remanded for lack of subject matter jurisdiction. *See Powerex Corp. v. Reliant Energy Serv., Inc.*, 551 U.S. 224 (2007); *Price v. J&H Marsh & McLennan, Inc.*, 493 F.3d 55, 61 (2d Cir. 2007)."

In the interim, on April 3, 2009, plaintiff's counsel submitted a letter to the court, explaining that plaintiff has authorized counsel to consent that plaintiff's damages do not exceed

---

[1] The text of the Warsaw Convention, as amended by the Montreal Convention, is available at http://untreaty.un.org/unts/144078_158780/3/5/11624.pdf.

$75,000, and restating plaintiff's request for remand. In its April 6, 2009, response, defendant objected to plaintiff's request, arguing that subject matter jurisdiction exists in this case because the amount in controversy exceeded the jurisdictional requirement of $75,000 at the time of removal.

In his motion, plaintiff argues that, because it is now clear, based on defendant's expert report and on settlement negotiations, that plaintiff's claim places no more than $10,000 in controversy, the court no longer has subject matter jurisdiction and thus must remand the case. Defendant opposes remand, arguing that both federal question and diversity jurisdiction exist, and that this court should therefore refuse to remand the case. Defendant asserts that federal question jurisdiction exists by virtue of plaintiff's Warsaw Convention claim. *See* 28 U.S.C. § 1331. Defendant further claims that diversity jurisdiction survives plaintiff's concession regarding damages because it is only the *original* amount in controversy that is material for the purposes of federal subject matter jurisdiction. Defendant argues that, even absent an *ad damnum* clause, plaintiff's complaint made clear, by reference to his Warsaw Convention claim, that the original amount in controversy was in excess of $75,000.

I.  Discussion

Title 28, section 1441(a) of the United States Code permits a defendant to remove from state court to federal court any civil action over which the federal district court has original jurisdiction. In this case, there is no question that removal was proper. However, removal to federal court is not necessarily permanent. A party may move to have a properly removed case remanded to state court, because "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Prior to 1988, section 1447(c) read: "If at any time before final judgment it appears that the case *was removed improvidently* and *without jurisdiction*, the district court shall remand the case." (emphasis added). The Supreme Court interpreted that version of the provision to bar remand to state court once an action was properly removed to federal court. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("[E]vents occurring subsequent to removal which reduce the amount recoverable ... do not oust the district court's jurisdiction."). In 1988, Congress amended section 1447(c), rewriting it to make clear that remand is possible at any time if a federal district court finds that it no longer has subject matter jurisdiction over the case. In *Powerex v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 235 (2007), the Supreme Court addressed the amendment at length and concluded that "[n]othing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance." The Court expressly rejected a "narrowing construction" of the amended § 1447(c) which would limit remand for lack of subject matter jurisdiction to cover only a defect in subject matter jurisdiction at the time of removal that rendered the removal itself jurisdictionally improper. *Id.*

Although plaintiff has not formally amended his complaint, his April 3, 2009, letter is analogous to an amendment and is sufficient to reduce the amount in controversy below the jurisdictional threshold. The letter will be taken as a binding limitation on plaintiff to damages less than $75,000. As a result, there is no diversity jurisdiction in this court.

The remaining question is whether this court can assert subject matter jurisdiction by virtue of a federal question. It is unquestionable that plaintiff's Warsaw Convention claim creates a question of federal law—a claim under a United States treaty is the quintessential federal claim. *See* 28 U.S.C. § 1331. However, defendant's notice of removal did not raise

federal question jurisdiction as a ground for removing the case from state court. Defendant explained to the court at the March 24, 2009, conference that defendant omitted this additional basis for federal jurisdiction because it did not want to concede that the Warsaw Convention applies to this case. Defendant still does not make this concession, but instead argues that whether the Convention applies to the facts of this case is itself a federal question. In effect, defendant seeks to avoid remand by amending his notice of removal to include federal question jurisdiction.

Section 1446(b), requires, in pertinent part, that a "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, defendant seeks to untimely amend the removal notice. As other district courts in this circuit have held, "[a] notice of removal may not be untimely amended to add a 'new avenue of jurisdiction.'" *Arancio v. Prudential Ins. Co. of America*, 247 F. Supp. 2d 333, 337 (S.D.N.Y. 2002); *see also Funeral Fin. Sys., Ltd. v. Solex Express, Inc.*, No. 01-6079 (JG), 2002 WL 598530, at *6 (E.D.N.Y. April 11, 2002) (refusing to allow defendant to amend the notice of removal to include a previously-ignored ground for federal jurisdiction and remanding to state court).[2] Defendant made a strategic decision not to rely on federal question jurisdiction in its notice of removal and may not now claim that federal jurisdiction is premised on the same.

---

[2] Defendant's argument that *Arancio* is distinguishable is unavailing. Defendant asserts that because *Arancio* (and the other cases plaintiff cites in his memorandum of law) "involve[d] situations where the initial grounds cited for removal did not actually exist," citation to them is unpersuasive. I disagree. While defendant's characterization of the facts of *Arancio* is correct, the court's consideration in that case of whether the defendant could amend the notice of removal was wholly separate from the question of whether jurisdiction was proper in the first place. The same is true of *Funeral Financial Systems*.

Furthermore, defendant's belated assertion of federal question jurisdiction is not enabled by 28 U.S.C. § 1653, which provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This section, pursuant to which defendant seeks leave to amend the notice of removal, applies only to "preserve jurisdiction where it exists but was *defectively stated*." *Arancio*, 247 F. Supp. 2d at 337. Finally, defendant provides no authority to support its assertion that amendment is nonetheless warranted because of changed circumstances, and I decline to read § 1653 expansively. *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("federal courts construe the removal statute narrowly, resolving any doubts against removability.").

In the absence of diversity jurisdiction, and given defendant's failure to remove based on federal question jurisdiction, this case is remanded to the Supreme Court of New York, Kings County. The Clerk of Court is directed to transfer the files to that court.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated: July 1, 2009**
      **Brooklyn, New York**